THE STATE, RUFUS STORY, PROSECUTOR. v. THE CITY OF BAYONNE.

1. The grading of a street or road under the charter of the city (of Bayonne,) can only be done by ordinance. *Laws of* 1869, *pp.* 384, 389.
2. An ordinance requires more solemnity than a resolution, and an improvement, such as contemplated in the resolution complained of, must be regularly applied for and advertised before the ordinance is passed.
3. The resolution, although it first directs the removal of sand and obstructions from the road, yet as this is only incidental to the main purpose, which is to grade the road, is void.

On *certiorari.*

This *certiorari* brings up the following resolution of the city of Bayonne, passed January 24th, 1871:

"*Resolved,* That the street commissioner be and he is hereby directed to have removed earth and other obstructions now at the foot of Avenue S, upon the easterly side of the road known as the Bergen road, to the width of three rods westerly from the east side thereof, and to have said road, extending from Avenue S, across First street to the Kill von Kull, as near as may be, graded in accordance with the established grade of the said Avenue S."

Argued at November Term, 1871, before Justices BEDLE, DALRIMPLE, and SCUDDER.

For prosecutor, *A. T. McGill.*

For the city, *L. Abbett.*

The opinion of the court was delivered by

BEDLE, J. First street skirts Kill von Kull, running easterly and westerly, and leaving to the south along the water's edge, a strip of several feet, varying in width according to the edge of the shore, some of it, including the part in

dispute, being in open common.   Bergen road is an old road, laid out in 1796, three rods wide, beginning at the Kill von Kull and extending a long distance to the north.   That part of the road at the Kill was altered in 1801, by vacating between thirty-four and thirty-five chains of it, and re-laying it about two chains further to the east.   The city claims that, by such re-laying, the road still began at the water.   Avenue S was laid down in 1869, on a map deposited in the clerk's office, made by commissioners under an act of 1857, (*Laws of* 1857, *p.* 224,) entitled " An act authorizing the appointment of commissioners to lay out and map streets, avenues, and squares, in that part of Bergen township south of the Morris canal, in Hudson county," the same on such map extending from First street to Fifth street at the north, and being the old Bergen road in width, with fifteen feet added on the easterly side.   In 1866, Avenue S was opened to its full width from First to Fifth street, by commissioners appointed by the Circuit Court of Hudson county, under an act giving such authority, and an assessment for damages and benefits was then made by them.   On the map filed in the county clerk's office, and on the map made by the commissioners in 1866, Avenue S only extended south to First street, and the assessment was limited thereto.   In July, 1869, an ordinance was adopted by the mayor and council of the city of Bayonne, to regulate and grade Avenue S from the Kill von Kull, extending northwardly to the centre of Fifth street, and providing that the road-bed be macadamized and the sidewalks flagged.   The ordinance also directed that the commissioners of assessments (according to the charter of the city) make a survey and preliminary map and estimate of the whole cost of the improvement, and assess the same as directed by the charter.   This improvement was also to be made under the direction of the commissioners of assessments, and the commissioners of streets to personally superintend the work.   The work was accordingly done to First street, but no further, and a final assessment made therefor in December, 1870, the assessment, as appears by the map, extending only

to First street. The prosecutor owns land to the east of Avenue S, adjoining it, and extending south of First street to the Kill, and is owner of the undivided one-third of the fee of the piece described as the Bergen road at the foot of Avenue S, subject to whatever easement the public may have therein. The city claims that this piece, as described in the resolution, is a part of the old Bergen road to the width of three rods, and that Avenue S covers it to that extent.

Assuming in behalf of the city that the Bergen road ran to the water, the question arises whether the city could exercise the powers mentioned in the resolution in that way. The clear object and purpose of the resolution are to grade what the city regards as the Bergen road, the removal of earth and obstructions being only incidental to it.

The grading of a street or road under the charter of the city, can only be done by ordinance. *Laws of* 1869, *pp.* 384, 394. An ordinance requires more solemnity than a resolution, (§ 30); and, besides, an improvement of that character must be regularly applied for and advertised before the ordinance is passed. (§ 55.) No ordinance has been passed for the purpose, and the resolution has no effect, in itself, to accomplish the object intended. This objection is fatal. *State, Gleason, pros.,* v. *Town of Bergen,* 4 *Vroom* 72; *State, Jersey Associates, pros.,* v. *Jersey City,* 5 *Vroom* 32.

The suggestion of the defendant's counsel that the resolution is merely in aid of the ordinance to regulate and grade Avenue S, by removing obstructions, is not tenable for these reasons, viz.: This suggestion is founded on the idea, which is no doubt true, that from an existing street mere obstructions may be removed by virtue of the police power of the city. This power can be exercised when the obstructions are apparent or readily ascertainable, without the necessity of any adjudication by ordinance of a judicial nature. For the principle of this, see 5 *Vroom* 32. But this resolution is not of that character on its face, for although it first directs the removal of sand and obstructions, yet this is only incidental to the main purpose, which is to grade the road. The ob-

structions referred to are sand and rubbish dumped there, which have, in fact, become part of the freehold, and have no distinguishing feature from that, and their removal and the extent of it would depend upon the grading. Further it could not be used in aid of the regulation and grading of Avenue S, as it is clear that Avenue S does not reach south further than First street. Avenue S takes away a section of the route of the old Bergen road. That road runs much further to the north than Avenue S, and so at the south Avenue S stops short of following that road to the water. The ordinance to grade Avenue S, it is true, describes it as from the Kill von Kull to the centre of Fifth street, yet that is a mere mis-description, arising from the fact that the land was open to the south of First street, and, without accuracy of description, would seem to reach to the Kill. The facts already stated show that Avenue S was laid out and opened only to First street, and that the assessment under the grade ordinance was made no further. To sustain the ordinance in question, subjects the prosecutor to the liability of having the road graded without a compliance with the terms of the charter, and for that it should be set aside.

The prosecutor also sought to show that the Bergen road did not reach to the Kill. In that, as the ordinance, written and oral, stands before us, we think he has failed. But it is not intended to prejudge his case, should it ever be more fully developed.

The resolution must be set aside.

CITED in *Paret* v. *Bayonne*, 10 *Vr.* 564.